**UNITED STATES of America**
**Plaintiff-Appellee**

v.

**Byron G. GORMAN Defendant-Appellant**

**No. 16-4533**

United States Court of Appeals,
Eighth Circuit.

Submitted: July 20, 2017

Filed: July 25, 2017

Brent B. Venneman, U.S. Attorney's Office, Kansas City, MO, for Plaintiff-Appellee

Byron G. Gorman, Pro Se

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

PER CURIAM.

Byron Gorman appeals the sentence the district court[1] imposed after he pled guilty to wire fraud pursuant to a plea agreement that contained an appeal waiver. His coun-

sel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting leave to withdraw, and arguing that Gorman's above-Guidelines-range sentence is unreasonable. Gorman has filed a *pro se* brief, challenging the enforceability of the waiver and the reasonableness of his sentence.

A challenge to the reasonableness of Gorman's sentence falls within the scope of the plea agreement's appeal waiver. Upon careful review, we conclude that the waiver is valid and enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (*de novo* review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw.

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.